**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4455

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GABRIEL HERNANDEZ-FLORES, a/k/a Gabriel
Hernandez-Garcia,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Louise W. Flanagan,
District Judge. (CR-04-7-FL)

Submitted: August 8, 2005          Decided: August 26, 2005

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  Frank D. Whitney, United States Attorney, Anne M.
Hayes, Christine Witcover Dean, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Gabriel Hernandez-Flores appeals his sentence imposed after a guilty plea, without a plea agreement, for illegal reentry by a deported alien after conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a) & (b)(2) (2000).  Finding no error, we affirm.

Hernandez-Flores maintains that under Blakely v. Washington, 542 U.S. 296 (2004), the district court violated his Sixth Amendment rights by enhancing his offense level based on facts that were neither charged in the indictment nor proven beyond a reasonable doubt.[1]  Hernandez-Flores contends that the district court's sixteen-level increase in his offense level based upon a prior drug trafficking conviction that resulted in a sentence exceeding thirteen months, pursuant to U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(i) (2003), involved judicial fact finding that violated the Sixth Amendment.[2]  Because Hernandez-Flores did not raise this objection at sentencing, review is for plain error.

[1]Based on this court's then-dispositive decision in United States v. Hammoud, 378 F.3d 426 (4th Cir.) (order), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 125 S. Ct. 1051 (2005), the Government asserted that Blakely did not apply to the federal sentencing guidelines.

[2]Hernandez-Flores acknowledges that without this enhancement he would have still qualified for a twelve-level enhancement, as required by USSG § 2L1.2(b)(1)(B) if the defendant has a drug trafficking conviction resulting in a sentence of less than thirteen months.  Thus, Hernandez-Flores effectively assigns error to the district court's factual finding that increased his offense level by four.

- 2 -

Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993).

Under United States v. Booker, 125 S. Ct. 738, 746, 750 (2005), the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. In Almendarez-Torres v. United States, 523 U.S. 224, 233-35 (1998), which remains viable after Booker, the Supreme Court held that the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. We find that the application of the Almendarez-Torres prior conviction exception to Hernandez-Flores' sentencing was proper and does not conflict with Shepard v. United States, 125 S. Ct. 1254, 1262 (2005) (holding that Sixth Amendment protections apply to disputed facts "about a prior conviction").

In United States v. Washington, 404 F.3d 834 (4th Cir. 2005), this court applied Shepard to find that the district court's reliance on disputed facts outside the indictment concerning whether Washington's prior conviction was a "crime of violence," under USSG § 4B1.2(a)(2), violated the defendant's Sixth Amendment right to trial by jury. Unlike Washington, the district court enhanced Hernandez-Flores' sentence based on the term of

- 3 -

imprisonment for a prior conviction, not upon extra-indictment facts to resolve a disputed fact about the nature of the prior conviction. Because Hernandez-Flores' four-year sentence imposed for his 1999 convictions is inextricably linked to the fact of those convictions, we conclude that the district court's enhancement of Hernandez-Flores' sentence based upon a prior conviction resulting in a sentence over thirteen months is not the type of fact found outside the indictment that is "too far removed from the conclusive significance of a prior judicial record." Washington, 404 F.3d at 842.

Even if Hernandez-Flores' sentence exceeded "the maximum authorized by the facts established by [his] plea of guilty," it was nonetheless supported by facts otherwise "admitted by the defendant." See Booker, 125 S. Ct. at 756. Hernandez-Flores' counsel stated at sentencing that following Hernandez-Flores' last conviction "he was sentenced to four years," (JA 32), and as the Government notes, Hernandez-Flores never disputed the accuracy of the information in his PSR concerning his prior convictions and sentences. Because Hernandez-Flores admitted at sentencing that a sentence imposed following a prior drug trafficking conviction exceeded thirteen months, we find he could not establish for this reason alone that a Sixth Amendment error occurred.

Accordingly, we affirm Hernandez-Flores' sentence. We dispense with oral argument because the facts and legal contentions

- 4 -

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED